**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDRES ENRIQUE RAMIREZ SOLIS,<br>Petitioner,<br>v.<br>WARDEN, *et al.*,<br>Respondents. | Civil Action No. 26-14151 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Andres Enrique Ramirez Solis's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, alleging that he is unlawfully detained in violation of his constitutional rights. (*See* ECF No. 1.) On November 5, 2026, Respondents filed a letter submitting that Petitioner is lawfully detained under § 1226(a) and that an immigration judge ("IJ") denied him release on bond. (ECF No. 6.)

Petitioner, a citizen of El Salvador, entered the United States in 2021. (ECF No. 1-1 at 1.) On October 23, 2026, Immigration and Customs Enforcement ("ICE") officers detained Petitioner. (*Id.*) On October 30, 2026, Petitioner filed the instant Petition arguing that he is unlawfully detained in violation of his constitutional rights. (*See generally* ECF No. 1.) Respondents filed an expedited response stating that on November 4, 2026, Petitioner had a bond hearing, where an immigration judge denied his release on bond, finding him a flight risk. (ECF No. 6.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is

allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court has jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Petitioner is detained under 8 U.S.C. § 1226(a), which authorizes the Government to detain, conditionally parole, or release a non-citizen pending their removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). Creating "statutory rights associated with a given immigration status falls exclusively within the purview of Congress." *Osorio-Martinez v. Att'y Gen. U.S.*, 893 F.3d 153, 172 (3d Cir. 2018). § 1226 and its implementing regulations require the Government to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). Accordingly, when the Government chooses to detain a non-citizen, the non-citizen may request a bond hearing before an IJ and appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). *See, e.g.*, *Borbot*, 906 F.3d at 278–79; 8 C.F.R. § 1236.1(d)(1) (non-citizens detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an IJ). At a bond hearing, the non-citizen has the burden of proving he is neither a danger to the community nor a flight risk. *Borbot*, 906 F.3d at 279.

Petitioner has received a bond hearing as required under § 1226(a) and is lawfully detained under that Section and by order of the IJ. *Zheng*, 826 F. Supp. 3d at 554. As Petitioner has received the process owed to a non-citizen detained under § 1226(a), the Court will deny the Petition. Accordingly,

**IT IS**, on this 6th day of November 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **DENIED *without prejudice***; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and upon Respondents electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**